RECEIVED
IN MONROE, LA
JAN 2 2 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| LACY KING, TERESA BELL, RICKY DIGGS, STEPHANIE DIGGS, MELINDA DIGGS HARRIS, MELISSA DIGGS, AND TOMEKIA DIGGS, INDIVIDUALLY AND ON BEHALF OF BEATRICE KING, DECEASED | CIVIL ACTION NO. 07-625 |
| | JUDGE ROBERT G. JAMES |
| VERSUS | |
| DR. DONALD PERRY, MADISON PARISH HOSPITAL, AND DR. CHIME ADIELE | MAG. JUDGE KAREN L. HAYES |

RULING

This is a medical malpractice lawsuit brought by Plaintiffs Lacy King, Teresa Bell, Ricky Diggs, Stephanie Diggs, Melinda Diggs Harris, Melissa Diggs, and Tomekia Diggs, individually and on behalf of Beatrice King ("King") (collectively "Plaintiffs") against Dr. Donald Perry ("Dr. Perry"), Madison Parish Hospital ("MPH"), and Dr. Chime Adiele ("Dr. Adiele") (collectively "Defendants").

Pending before the Court is MPH's unopposed Motion for Summary Judgment. [Doc. No. 24]. For the following reasons, MPH's Motion for Summary Judgment [Doc. No. 24] is GRANTED.

I. FACTS AND PROCEDURAL HISTORY

Beatrice King arrived at the Madison Parish Hospital emergency room on the early morning of January 2, 2001. King was treated by Dr. Perry and released later that morning, but returned to MPH around 12:45 a.m. on January 3, 2001, complaining of hoarseness and a rash.

King was treated by Dr. Perry and Dr. Adiele that day, but her condition deteriorated. About twelve hours after she arrived at the emergency room, King was transferred to Parkview Regional Medical Center in Vicksburg, Mississippi for "a higher level of care." At about 5:30 a.m. on January 4, 2001, King died.

King's case was submitted to a Medical Review Panel, which rendered a decision on June 14, 2005, finding "no merit to the claim against the hospital." To date, Plaintiffs have presented no expert testimony showing that MPH breached a standard of care and that its breach caused King's death.

## II.  LAW AND ANALYSIS

### A.  Summary Judgment Standard of Review

A motion for summary judgment cannot be granted simply because there is no opposition. An unopposed motion seeking summary judgment shall be entered "if appropriate." Fed. R. Civ. P. 56(e). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. Topalian v. Ehrmann, 954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a

verdict for the nonmoving party. Id. Unless the moving party meets this burden, the court may not grant the unopposed motion, regardless of whether any response was filed. Hetzel v. Bethlehem Steel Corp., 50 F.3d 360, 362 (5th Cir. 1995).

However, King's failure to file an opposition and statement of contested material facts requires the Court to deem MPH's statement of uncontested material facts admitted for purposes of the instant motion. Local Rule 56.2W.

### C. Liability of MPH

Malpractice claims against a hospital are subject to the general rules of proof applicable to any negligence action. Henderson v. Homer Mem'l Hosp., 40,585, p.10 (La. App. 2 Cir. 1/27/06); 920 So.2d 988, 994. Therefore, King has the burden of proving the applicable standard of care, the breach of the standard of care, and the causal connection between the breach and the resulting injuries. Id. (citing Robertson v. West Carroll Ambulance Serv. Dist., 39,331 (La. App. 2 Cir. 1/26/05), 892 So.2d 772, writ denied, 2005-0460 (La. 4/22/05), 899 So.2d 577).

In a medical malpractice claim, an expert witness is generally necessary as a matter of law. Boudreaux v. Mid-Continent Cas. Co., 05-2453, p.6 (La. App. 1 Cir. 11/3/06), 950 So.2d 839, 844, writ denied, 06-2775 (La. 1/26/07); 948 So.2d 171; see also Moore v. Healthcare Elmwood, Inc., 91-41 (La. App. 5 Cir. 6/5/91); 582 So.2d 871, 878. Therefore, when a defendant files a motion for summary judgment and supports its motion with expert opinion evidence, the plaintiff, in most cases, must present opposing expert evidence to avoid summary judgment. See Boudreaux, 950 So.2d at 844. The plaintiff, however, need not present expert evidence in the limited cases where a lay person could infer negligence from the defendant's obvious carelessness. See id. For example, expert evidence is not necessary when the defendant

3

has amputated the wrong appendage, dropped a knife, scalpel, or acid on a patient, left a sponge in the patient's body, or failed to attend a patient when the circumstances demonstrate the serious consequences of this failure. Pfiffner v. Correa, 94-0924, 94-0963, 94-0992 (La. 10/17/94), 643 So.2d 1228, 1233-34.

In this case, MPH has presented expert evidence that it did not breach the standard of care while treating King. MPH submitted the affidavit of Dr. Clyde Elliott, who states that MPH did not "deviate[] from the standard of care [that] is required of health care providers . . . ." Dr. Elliot concludes that MPH and its staff provided prompt and timely care during King's two visits to the emergency room. According to Dr. Elliot, King was monitored carefully by the nursing staff, who promptly notified Dr. Perry of significant changes in King's condition. When the attending physician issued orders for King's case, those orders were quickly carried out. When tests were conducted on King, the attending physician was quickly notified about the results.

MPH also presented the findings of the Medical Review Panel which, like Dr. Elliot, found "no merit to the claim against the hospital." The Medical Review Panel confirmed that MPH and its staff provided King with prompt medical care. The Panel further agreed that MPH and its staff carefully followed the orders of King's attending physician and promptly reported relevant information back to him.

In this case, MPH's conduct was not so obviously dangerous that a lay person could infer liability. Therefore, to establish a genuine issue of material fact Plaintiffs must present expert evidence controverting Dr. Elliot's expert opinion and the opinion of the Medical Review Panel. Plaintiffs, however, have not presented any such evidence, and the Court can find none in the record. Thus, there is no genuine issue of material fact as to MPH's liability.

## III. CONCLUSION

For the foregoing reasons, MPH's unopposed Motion for Summary Judgment [Doc. No. 24] is GRANTED, and Plaintiffs' claims against MPH are DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this __18__ day of __January__, 2008.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

5